COMMONWEALTH *vs.* GIBSON TRIMBLE.

Bristol.    October 22, 1889. — November 12, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors* — *Common Nuisance* — *Sale to Intoxicated Person* —
*" Intoxication."*

At a trial the presiding judge cannot be required to define the words of a statute
by referring the jury to similar words in another statute equally in need of
interpretation.

At the trial of a complaint for keeping a common nuisance, to wit, a tenement used
for the illegal sale and keeping for sale of intoxicating liquors, where there was
evidence that the defendant sold such liquors to persons " in different stages of
intoxication," the presiding judge refused to define the words " intoxicated
person " in the Pub. Sts. c. 100, § 9, cl. 4, by referring the jury to the Pub. Sts.
c. 207, § 25, providing for the punishment of persons " found in a state of intoxi-
cation," but instructed them that to convict the defendant they must find that
such persons were " intoxicated," the degree of intoxication being immaterial.
*Held,* that the defendant had no ground of exception.

COMPLAINT for keeping and maintaining a common nuisance,
to wit, a certain tenement in New Bedford, used for the illegal
keeping and illegal sale of intoxicating liquors, from July 1,
1888, to April 12, 1889.

At the trial in the Superior Court, before *Brigham,* C. J., it
appeared that the defendant had a license as a common vict-
ualler, and that he also had a license of the first class to sell
intoxicating liquors in the tenement in question.

There was evidence that persons had been frequently seen in
the tenement, and also on the street near it, who were habitual
drunkards, drunk, or more or less intoxicated, and under the in-
fluence of intoxicating liquor; and that the defendant had been
seen to sell to persons in the tenement who were drunk, or under
the influence of liquor, and in different stages of intoxication.
The defendant's evidence tended to show that he had never made
any sale to any person drunk, or to an intoxicated person.

The defendant requested the judge to rule and instruct the
jury, " that the words ' to an intoxicated person ' in clause 4,
section 9, chapter 100, Public Statutes, means a person who is
so far intoxicated as to be in that condition which constitutes

the crime of drunkenness punishable under the laws; that a sale to a person under the influence of intoxicating liquor would not be illegal, unless the person to whom it was sold is shown to have been so far under the influence thereof at the time of the sale as to constitute the crime of drunkenness."

The judge refused to give these instructions, or so to rule, but instructed the jury as follows:

" There would have been a violation of the defendant's license, if, during the period and on the premises to which his license applied, and during the time alleged in the complaint, it was proved beyond reasonable doubt that the defendant sold intoxicating liquors to a person known by the defendant to be an habitual drunkard, or to a person who was intoxicated in any degree, or to a person who was known to the defendant to have been intoxicated within the six months next preceding such sale; and the proof of sales to a person or persons of either of these classes would cause defendant's license to be void, and would support this complaint and warrant a conviction upon it.

" In determining whether there were such violations of his license by defendant, the frequent presence, during the time alleged in the complaint, of drunken persons in or about or near the defendant's licensed premises would be evidence of circumstances which the jury would have a right to consider in connection with all the other proved circumstances of the case, giving to each of them such reasonable explanations as they admit of, upon the question whether such drunken persons obtained the liquors which caused their drunkenness from the defendant, whereby they were made more or less intoxicated, or when they were known by defendant to be habitual drunkards, or when defendant knew that they were persons who had been intoxicated within the six months next preceding the time of their obtaining intoxicating liquors.

" Defendant's license would not be violated by one or more sales of intoxicating liquor to a person to whom intoxicating liquor could be lawfully sold under a license, who was in no degree intoxicated at the times of such sales, notwithstanding such sales caused the intoxication of the person to whom they were made; but after that intoxication of that person had in any degree taken effect, the defendant could not continue to sell

intoxicating liquor to that person without a violation of the conditions of defendant's license."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*H. C. Bliss,* First Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.　The only exceptions argued by the defendant relate to the instructions and the refusals to instruct in regard to the meaning of the words " an intoxicated person," in the Pub. Sts. c. 100, § 9, cl. 4.　The presiding justice was asked to define the words by referring the jury to similar language in the Pub. Sts. c. 207, § 25, which provide for the punishment of persons " found in a state of intoxication."　Assuming that both these statutes relate to persons in identically the same condition, the jury could not properly have been aided in interpreting the former by a reference to the latter, which equally needed interpretation.

It is objected that the instructions given were erroneous, because they recognized the possibility of different degrees of intoxication.　But there was testimony that the defendant was seen to sell to persons "in different stages of intoxication"; and we suppose it can hardly be doubted that a person, after having become intoxicated, may, by continuing drinking, pass through different stages, and be in different degrees of intoxication.　If the jury had been permitted to find the defendant guilty for selling to those who were partially intoxicated, or were under the influence of liquor to any degree less than intoxication, the instructions would have been erroneous.　But, in order to convict, they were required to find that the persons referred to were " intoxicated," and they were told in substance that it was immaterial what was the degree of their intoxication.

The presiding justice apparently deemed " intoxicated " a familiar word, the meaning of which was well understood by the jury.　In the absence of a request for a proper definition of it, there was no error in the instructions.

*Exceptions overruled.*